■ JAMES P. O'BRIEN, Appellant-Respondent, v TROY PUB-LISHING COMPANY, INC., Respondent-Appellant.—Kane, J. Cross appeals from an order of the Supreme Court at Special Term (Prior, Jr., J.), entered March 8, 1985 in Rensselaer County, which partially granted defendant's motion for summary judgment dismissing the complaint.

This is an action for libel. It is founded upon a newspaper article, published by defendant, which described the results of the care and treatment of Samuel Tabone with "acupuncture" to relieve symptoms ascribed to procedures previously undertaken by plaintiff, a neurosurgeon. The article quotes Tabone as saying that "American doctors" treated him, without results, for paralysis from the neck down following an operation for a pinched nerve; that after a course of treatment, his doctor ultimately informed him he would have to rely on crutches and a wheelchair the rest of his life; and that, rather than accepting this prognosis, he went to an acupuncturist, who restored him to health so that he now plays golf and walks six miles a day, although the "American doctor" said he would never walk again and had "abandoned" him. The article identified plaintiff as the "American doctor" who, upon inquiry by a reporter, stated he "would not comment".

Special Term granted defendant's motion for summary judgment to the extent of dismissing plaintiff's cause of action for punitive damages, but denied the motion with respect to the balance of the complaint. In the supporting papers upon its motion, defendant contended that the article was published in good faith as part of a series of articles on health care in the area and in the belief that the article contained a true representation of the opinions of Tabone and his wife. It also contended that plaintiff failed to establish that defendant knew the statements were false or published in reckless disregard for the truth, or that it acted in a grossly irresponsible manner.

Plaintiff, on the other hand, denied making the statements attributed to him and points to the transcripts of the examination before trial of Tabone, his wife and a representative of defendant, which examination, he contends, establish the necessary elements to support his claims. The record does demonstrate that it was not Tabone, but his wife, who identified plaintiff as the treating physician and provided much of the source material for the published article. Furthermore, it appears that others were involved in the care received by Tabone after treatment by plaintiff and that the author of the article devoted limited efforts to verify the accusations set forth in the article.

In our view, the clear import of the published article is that plaintiff prescribed an incorrect and useless course of treatment, providing no relief to Tabone, made no change in that treatment, and ultimately abandoned him as a patient. Such statements constitute a serious charge of unprofessional conduct and general unfitness *(see,* 8 NYCRR 29.2 [a] [1]). Since the article "tends to expose the plaintiff to public contempt, ridicule, aversion or disgrace, or induce an evil opinion of him in the minds of right-thinking persons, and to deprive him of their friendly intercourse in society", it is actionable *(Sydney v MacFadden Newspaper Pub. Corp.,* 242 NY 208, 211-212; *accord, Rinaldi v Holt, Rinehart & Winston,* 42 NY2d 369, 379, *cert denied* 434 US 969). Where, as here, the plaintiff is a private individual and the article in issue is arguably within the sphere of legitimate public concern, the plaintiff may recover his actual damages upon a proper showing *(Gaeta v New York News,* 62 NY2d 340). However, in order to recover, plaintiff must establish fault on the part of defendant and, by a preponderance of the evidence, that defendant acted in a "grossly irresponsible manner without due consideration for the standards of information gathering and dissemination ordinarily followed by responsible parties" *(Chapadeau v Utica Observer-Dispatch,* 38 NY2d 196, 199; *see also, Philadelphia Newspapers v Hepps,* 475 US —, 89 L Ed 2d 783).

In our view, there are issues of fact as to whether there was reason to doubt the accuracy of the information obtained by defendant's reporter and whether there was a duty imposed on defendant to make further inquiry. No attempt was made to obtain permission from Tabone to speak with plaintiff or to determine if others provided treatment for him. Since a wide variety of factors enter into a determination of whether the "grossly irresponsible" standard has been met *(Hawks v Rec-*

*ord Print. & Pub. Co.,* 109 AD2d 972, 975), the issue of defendant's conduct in this case should be resolved by a jury.

We reach a different conclusion as to the question of punitive damages. In order to sustain such a claim, plaintiff must show that defendant acted with actual malice, i.e., that the article was published either with knowledge that it was false or in reckless disregard for its truth or falsity *(see, Rinaldi v Holt, Rinehart & Winston, supra,* p 382). Although plaintiff is a private individual, he too must establish actual malice to recover punitive damages *(see, Gertz v Robert Welch, Inc.,* 418 US 323, 345-350). Arguably, the distinction between the elements of "grossly irresponsible" conduct and "actual malice" are rather fine, but it is established that there is a higher degree of proof required for actual malice. Since we are unable to conclude that this record sustains a finding of "actual malice" or a "reckless disregard" for the truth *(Gertz v Robert Welch, Inc., supra; St. Amant v Thompson,* 390 US 727, 731), we agree with Special Term's conclusion that there can be no recovery for punitive damages.

Order affirmed, without costs. Mahoney, P. J., Kane, Casey and Levine, JJ., concur.