■ MARGARET LANDSMAN, as Parent and Natural Guardian of MICHAEL LANDSMAN, JR., an Infant, Respondent, v TONAWANDA PUBLISHING CORPORATION, Doing Business as TONAWANDA NEWS, Appellant.—Order unanimously modified on the law and as modified affirmed without costs in accordance with

the following Memorandum: Defendant published a news story inaccurately reporting that the infant Michael Landsman, Jr., had been charged with second-degree sodomy. In fact, the infant's father, Michael Landsman, Sr., had been charged with that crime. We agree with defendant that its mistaken substitution of the suffix "Jr." for "Sr." should not result in liability *(see, Chapadeau v Utica Observer-Dispatch,* 38 NY2d 196, 200). Reading the statement complained of in the context of the entire article, and judging its effect upon the average reader *(see, James v Gannett Co.,* 40 NY2d 415, 419), we conclude that the ordinary reader would recognize the paper's error in misidentifying the 13-year-old infant. Thus, defendant is entitled to summary judgment dismissing so much of plaintiff's first cause of action as seeks damages for the reference to Michael Landsman, Jr., as the man charged with sodomy *(see,* CPLR 3212 [e]).

We agree with Supreme Court, however, that questions of fact exist concerning the alleged falsity of the reference to the infant as "retarded." It is the jury's province to decide how the ordinary, average reader would understand the word "retarded" *(see, Mencher v Chesley,* 297 NY 94, 100; *Ortiz v Valdescastilla,* 102 AD2d 513, 516-517), and to determine whether the statement is false. In view of the conflicting evidence of the infant's intellectual abilities and the competing definitions of "retarded", the court properly denied summary judgment on the issue of the statement's falsity.

The record also fails to establish, as a matter of law, that defendant was not grossly irresponsible in publishing the news story *(see, Chapadeau v Utica Observer-Dispatch,* 38 NY2d 196, 199, *supra; Mitchell v Herald Co.,* 137 AD2d 213, 216, *appeal dismissed* 72 NY2d 952). Defendant's reporter, Christine Salamone, avers that she obtained her information from Detective Hadden of the City of Tonawanda police, who had provided reliable information in the past. Detective Hadden testified, however, that he did not provide the information in the news story to Salamone, and that he did not recall ever giving information to anyone at defendant newspaper. Because of the disputed evidence regarding the manner in which defendant acquired its information, the court properly determined that defendant's conduct should be evaluated by a jury *(see, Hawks v Record Print. & Publ. Co.,* 109 AD2d 972, 975). (Appeal from Order of Supreme Court, Erie County, Wolf, Jr., J.—Summary Judgment.) Present—Boomer, J. P., Green, Balio, Fallon and Davis, JJ.

■ PATRICIA M. PETERSEN, Individually and as Administra-