■ STEVEN R. NEJMAN et al., Appellants, et al., Plaintiff, v GENERAL ELECTRIC COMPANY, Respondent. [665 NYS2d 467] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Viscardi, J.), entered October 22, 1996 in Schenectady County, which granted defendant's motion for summary judgment dismissing the complaint of plaintiffs Steven R. Nejman and Ruth M. Nejman.

In February 1988, plaintiff Steven R. Nejman (hereinafter plaintiff) was suspended from his employment at defendant after his superiors at GE obtained evidence implicating him in the theft of proprietary information. The charges of misconduct were prompted by the averments of an undercover informant (an erstwhile employee of defendant who had himself been involved in the theft and misappropriation of trade secrets for many years, but had thereafter agreed to assist his former employer in its investigation of such activity), who attested, in a sealed affidavit filed in a related Federal court case, that plaintiff had supplied him with numerous proprietary drawings, with knowledge that they were to be furnished to defendant's direct competitor. Although plaintiff denied, and continues to deny, any wrongdoing, defendant became convinced, after undertaking further investigation, that the informant's assertions were true. Plaintiff was consequently terminated from his employment on March 16, 1988.

The following August, the Wall Street Journal, which had apparently obtained a copy of the informant's affidavit, published an article detailing defendant's attempts to uncover and halt the transfer of its critical trade secrets to competitors, in which plaintiff—identified as "the chief of [defendant's] gas turbine drafting department"—was stated to have been "a principal source" for the drawings that found their way into competitors' hands. The article was later republished, in its entirety, in defendant's management newsletter, which was widely distributed among managers and supervisors within defendant's community.

Plaintiff, and his wife, derivatively (hereinafter collectively referred to as plaintiffs), along with another employee whose claims are not at issue here, then commenced this action charging defendant with, inter alia, defamation because of the re-

publication of the Wall Street Journal article in the company newsletter.* Defendant moved for summary judgment dismissing the defamation claim and Supreme Court, finding that the record lacked evidence that defendant had "acted in a grossly irresponsible manner without due consideration for the standards of information gathering and dissemination ordinarily followed by responsible parties"—the standard by which it found respondent's conduct should be judged (*see*, *Chapadeau v Utica Observer-Dispatch*, 38 NY2d 196, 199)—granted the motion. Plaintiffs appeal.

In an attempt to raise a question of fact with respect to whether defendant acted irresponsibly in republishing the allegedly defamatory article, plaintiffs point to certain factors impacting upon the informant's credibility, including his history of deceptive and illegal conduct, the compensation defendant paid him for his investigative efforts and his "dire" financial condition, as well as the absence of any irrefutable proof of plaintiff's wrongdoing. According to plaintiffs, these things, taken together, should have alerted defendant to the likelihood that the informant's accusations were, in fact, untrue.

The question is not, however, whether the informant was credible or his statements accurate, but whether defendant took reasonable steps to confirm those statements before publishing an article based thereon. Convinced that plaintiffs have raised no material question in this regard, we affirm. Significantly, defendant did not merely accept the informant's word as to plaintiff's involvement in the misappropriation of its property, but proceeded, through its own independent investigation, to evaluate those allegations. Consequently, while the factors cited by plaintiffs may have initially presented cause for questioning the informant's bona fides, imposing upon defendant a duty to undertake further inquiry (*see*, *O'Brien v Troy Publ. Co.*, 121 AD2d 794, 795; *Hawks v Record Print. & Publ. Co.*, 109 AD2d 972, 975), by the time of the republication defendant's representatives no longer had any substantial reason to question the truthfulness of his assertions, for their own investigation, along with the events that had occurred in the course of ongoing Federal litigation respecting the misemployment of proprietary documents of defendant, had repeatedly

* All of the causes of action asserted by plaintiffs, with the exception of those charging defendant with defamation on the basis of its republication of the Wall Street Journal article, were dismissed prior to the submission of the instant motion, and no issue with respect thereto is presently before this Court.

shown the informant to be a reliable and credible source (*see*, *Ortiz v Valdescastilla*, 102 AD2d 513, 520) and had also corroborated, to some extent, his claims of plaintiff's culpability.

Nor are we persuaded that, under all of the attendant circumstances, defendant can be considered "grossly irresponsible" for failing to carry out a more thorough investigation than it did. In their endeavor to ascertain whether the accusations lodged against plaintiff were true, defendant's representatives questioned plaintiff on two occasions; reviewed tape recordings of conversations between plaintiff and the informant (in one of which plaintiff, who was clearly on friendly terms with the informant, initiated the subject of a particular proprietary drawing about which he had apparently previously been asked); verified the informant's claims that the latter's notebook entries containing the name "Steve" referred to plaintiff, by checking to see that the phone numbers listed in those entries corresponded with plaintiff (they did); and elicited from the informant a detailed description of the interior of plaintiff's home, where he maintained he had received the drawings. In addition, defendant's probing revealed evidence contradicting several statements plaintiff had made in connection with his denials of wrongdoing, including his claim that he had reported the informant's requests to his supervisor, and his initial assertion that the informant had never been to his house. When these investigatory steps disclosed no grounds for questioning the veracity of the informant's representations about plaintiff, and indeed lent credence to his statements, there was simply no reason for defendant to conduct further inquiry (*see*, *Gaeta v New York News*, 62 NY2d 340, 351; *Rinaldi v Holt, Rinehart & Winston*, 42 NY2d 369, 383, *cert denied* 434 US 969).

Mikoll, J. P., Casey and Spain, JJ., concur; White, J., not taking part. Ordered that the order is affirmed, with costs.