■ ROGER B. ROBARE, JR., Respondent, v PLATTSBURGH PUBLISHING COMPANY, DIVISION OF OTTAWAY NEWSPAPERS, INC., et al., Appellants. [685 NYS2d 129] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Dawson, J.), entered December 31, 1997 in Clinton County, which, upon renewal, denied defendants' motion for summary judgment dismissing the complaint.

This defamation action arises out of an article printed in the Press-Republican, a newspaper published by defendant Platts-burgh Publishing Company (hereinafter Plattsburgh), on July 1, 1994, in which it was reported that plaintiff had been indicted on charges stemming from an alleged assault upon a fellow inmate at the Clinton County Jail. The article, authored by defendant Sue Botsford, stated, *inter alia*, that plaintiff had previously been convicted of "robbery, sodomy and burglaries, among other things", when in fact plaintiff's robbery conviction had been overturned by this Court (*see*, *People v Robare*, 109 AD2d 923, *lv denied* 65 NY2d 699), and he had been convicted, not of sodomy, but of attempted sodomy (*see*, *id.*). The paper subsequently published a correction, accurately outlining plaintiff's criminal history and noting that his robbery conviction had been reversed on appeal.

The parties' cross motions for summary judgment were denied, except to the extent of dismissing the complaint as against all of the defendants except Plattsburgh and Botsford (hereinafter collectively referred to as defendants). As to those parties, Supreme Court found that, in view of their failure to disclose the source of the erroneous information contained in the article, questions remained as to whether they could be held liable. Defendants then renewed their motion for summary judgment, submitting an affidavit from Botsford in which she identified her source—the Clerk of the Clinton County Supreme and County Courts—who, she averred, had consistently provided her with reliable, accurate information relating to similar matters for over 15 years.* After initially denying the motion on procedural grounds, Supreme Court ultimately rejected defendants' arguments on the merits, finding that triable questions existed as to whether they had acted with gross irresponsibility in publishing the article. Defendants appeal.

Defendants tender evidence demonstrating their right to judgment as a matter of law. Botsford's averments that she had obtained the information in question from the Clerk, who had proven to be a reliable source of accurate and truthful legal data in the past, and that she was aware of no other means of verifying the accuracy of the information he provided, are sufficient to establish, prima facie, that she did not act in a "grossly irresponsible manner without due consideration for the standards of information gathering and dissemination" (*Chapadeau v Utica Observer-Dispatch*, 38 NY2d 196, 199; *see*,

---

* Although plaintiff subsequently amended his complaint to add the Clerk as a defendant, that individual was thereafter granted summary judgment and apparently no appeal has been taken from that order.

*Freeze Right Refrig. & Air Conditioning Servs. v City of New York*, 101 AD2d 175, 185; *Robart v Post-Standard*, 74 AD2d 963, *affd* 52 NY2d 843).

In response, plaintiff proffers nothing that raises a material factual question in this regard; specifically, there is no proof tending to indicate that Botsford should have questioned the veracity of the information she received from the Clerk or that she should have—or could have—conducted a further, independent investigation of the relevant facts (*see, Mitchell v Herald Co.*, 137 AD2d 213, 217, *appeal dismissed* 72 NY2d 952). And the mere fact that the newspaper had run an article several years earlier, written by another reporter, detailing the outcome of plaintiff's criminal appeal, is of no moment, for it is undisputed that the newspaper maintained no searchable index of the contents of its back issues. Nor do the Clerk's averments that he discussed plaintiff's file with Botsford in 1993, and that he "ha[s] no specific recollection of the words or substance [he] may have provided in 1994 to [ ] Botsford, regarding the criminal history of [plaintiff]", in any way contradict the reporter's assertions respecting her later inquiry. In sum, defendants' motion should have been granted (*see, Gaeta v New York News*, 62 NY2d 340, 350-351; *Mitchell v Herald Co., supra*, at 217).

Mikoll, J. P., Crew III, Peters and Spain, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendants and complaint dismissed.