■ NORMAN L. YELLON, Appellant, v BRUCE LAMBERT et al., Respondents. [735 NYS2d 592] —In an action to recover damages for defamation, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Costello, J.), dated September 25, 2000, which granted the defendants' motion for summary judgment dismissing the complaint and denied his cross motion for summary judgment on the issue of fault.

Ordered that the order is affirmed, with costs.

On April 4, 1999, the defendant New York Times published an article written by the defendant Bruce Lambert entitled "What Happens If Process Server Doesn't Serve." The article was written about the plaintiff's process-serving business and included allegations that the plaintiff had falsified affidavits of service by alleging that service had been completed when it had not, forging signatures, and notarizing documents without a license. The article also asserted that various individuals claimed to have lost property as a result of improper service by the plaintiff. The plaintiff subsequently commenced this action to recover damages for defamation.

The defendants established their prima facie entitlement to summary judgment. In response, the plaintiff failed to raise a triable issue of fact. Given that the article, at a minimum, involved a matter of public concern, the plaintiff must prove that the defendants acted in a grossly irresponsible manner without due consideration for the standards of information gathering and dissemination ordinarily followed by responsible parties (*see, Chapadeau v Utica Observer-Dispatch,* 38 NY2d 196). The evidence indicates that Lambert obtained most of his information from a source he found credible, but nonetheless, conducted his own investigation and corroborated most of the information by interviewing many, if not all, of the people who were cited in the article. He also reviewed various court documents. In addition, Lambert interviewed the plaintiff and printed his brief comments.

Based on this evidence, the defendants' actions cannot be deemed grossly irresponsible even though some of the allegations in the article were false (*see, Chapadeau v Utica Observer-Dispatch, supra; Landsman v Tonawanda Publ. Corp.,* 186 AD2d 1028; *Hawks v Record Print. & Publ. Co.,* 109 AD2d 972; *Meadows v Taft Broadcasting Co.,* 98 AD2d 959). Thus, summary judgment was properly granted to the defendants.

The plaintiff's remaining contentions are without merit. O'Brien, J. P., Santucci, H. Miller and Cozier, JJ., concur.