■ JAMES THOMAS, Respondent, v JOURNAL REGISTER COMPANY, Defendant, and SARATOGIAN, LLC, Appellant. [807 NYS2d 157]—

Mugglin, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered November 30, 2004 in Saratoga County, which, inter alia, denied defendant's motion for summary judgment dismissing the complaint.

On January 30, 2002, defendant Saratogian, LLC (hereinafter defendant) published two articles regarding Kevin Thomas, a convicted sex offender, who was residing with plaintiff and other family members in the community. A photograph adjacent to the article featured Kevin Thomas, along with plaintiff, their mother and cousin. On February 1, 2002, under the headline "Brother a sex offender, too," defendant published an article identifying Robert Thomas as a sex offender who had been arrested for failure to register as required by law and included a photograph of plaintiff identifying him as Robert Thomas. The article claimed that anonymous information had been received following the publication of the article on January 30, 2002 advising that Robert Thomas had moved and failed to register his new address as required. Additionally, the article claimed that Robert Thomas posed for the photo included in the article of January 30, 2002, but identified himself as plaintiff. When defendant became aware that it had erroneously identified plaintiff as the sex offender Robert, it ran a correction to that effect. Plaintiff thereafter commenced this action for defamation against defendant Journal Register Company and defendant. Following joinder of issue, defendants moved for summary judgment dismissing the complaint. The motion was granted as to Journal Register Company, but denied as to defendant. Defendant appeals.

Defendant premised its motion for summary judgment on its contentions that plaintiff was not defamed by the publication since he was not the intended subject of the article and that it was not grossly irresponsible in publishing the article since sound journalistic practices were employed in gathering the information therein. In an extremely well written and reasoned decision, Supreme Court denied defendant's motion for summary judgment concluding that material issues of fact existed which should be resolved at trial. We agree that on this record defendant was not entitled to summary judgment.

Summary judgment is appropriate only when the proponent of the motion comes forward with competent admissible evidence establishing a prima facie entitlement to judgment (*see Cox v Kingsboro Med. Group*, 88 NY2d 904, 906 [1996]). Defendant has not done so. Initially, defendant maintains that since plaintiff was not the intended subject of the article, he was not defamed. To determine whether a particular publication is defamatory, the publication must be examined in its entirety, the language given a natural, rather than a strained reading, and it must be put in context so that the overall impression on the average reader can be assessed (*see Lenz Hardware v Wilson*,

263 AD2d 632, 633 [1999], *affd* 94 NY2d 913 [2000]; *Fraser v Park Newspapers of St. Lawrence*, 246 AD2d 894, 895-896 [1998]). While plaintiff may not have been the intended subject of the article, the headline, with plaintiff's photograph and the statement that he previously misidentified himself, raises an issue of fact as to whether the article suggests to any reasonable reader that plaintiff is indeed a sex offender who failed to properly register, when he is not.

Next, defendant claims that it was not grossly irresponsible since the reporter who authored the article used sound journalistic practices in gathering the information which formed the bases for his writing. Although the record reveals that the reporter in question did follow normal procedures in the preparation of the article, the record also reveals a substantial and profound reason to doubt the information conveyed to the reporter, thereby imposing a duty to inquire further to confirm and verify the accuracy of the information (*see Hawks v Record Print. & Publ. Co.*, 109 AD2d 972, 975 [1985]). It appears that the reporter did, in fact, verify that Robert Thomas was a convicted sex offender who had been arrested for failing to register and that the original article led to his arrest. The reporter also confirmed that the anonymous informant had identified plaintiff from the original photo as the unregistered sex offender. Given that the reporter investigated and prepared both articles and had information suggesting that the anonymous informant incorrectly identified plaintiff as a sex offender, a material issue of fact exists regarding the duty of the reporter and defendant to further verify the accuracy and truthfulness of the information. Notably, none of the individuals who defendant now describes as being reliable in the past actually confirmed that the person identified in the photograph as plaintiff was, in fact, the convicted sex offender who had been arrested.

Cardona, P.J., Rose and Kane, JJ., concur. Ordered that the order is affirmed, with costs.