■ GERARD MATOVCIK, Respondent, v TIMES BEACON RECORD NEWSPAPERS et al., Appellants. [968 NYS2d 559]—

In an action to recover damages for libel, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Martin, J.), dated March 28, 2012, as denied their motion for summary judgment dismissing the amended complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' motion for summary judgment dismissing the amended complaint is granted.

In a prior appeal (see Matovcik v Times Beacon Record Newspapers, 46 AD3d 636 [2007]), this Court held that the amended complaint in this action stated a cause of action alleging libel against the defendants, the reporter Peter C. Mastrosimone, and various newspapers. We also held that documentary evidence submitted by the defendants failed to establish their defense that the defamatory facts set forth in the subject article and accompanying editorial were substantially true. After discovery was conducted, the defendants moved for summary judgment dismissing the amended complaint, and the Supreme Court denied their motion.

"[W]hen the claimed defamation arguably involves a matter of public concern, a private plaintiff must prove that the media defendant 'acted in a grossly irresponsible manner without due consideration for the standards of information gathering and dissemination ordinarily followed by responsible parties' " (Huggins v Moore, 94 NY2d 296, 302 [1999], quoting Chapadeau v Utica Observer-Dispatch, 38 NY2d 196, 199 [1975]). The "standard of 'gross irresponsibility' demands no more than that a publisher utilize methods of verification that are reasonably calculated to produce accurate copy" (Karaduman v Newsday, Inc., 51 NY2d 531, 549 [1980]).

Here, the record reveals that, while some of the factual claims in the article and accompanying editorial were true, some of the claims were not, namely, that the plaintiff used money collected from students for workbooks to buy faculty lunches and an air

conditioner for a faculty workroom. However, we nevertheless conclude that the defendants met their prima facie burden of demonstrating their entitlement to judgment as a matter of law by establishing that the article involved matters of public concern (*see Huggins v Moore*, 94 NY2d at 303), and that Mastrosimone did not act in a grossly irresponsible manner while gathering and verifying information for the article (*see Yellon v Lambert*, 289 AD2d 486 [2001]; *see also Cottrell v Berkshire Hathaway, Inc.*, 26 AD3d 786 [2006]). Mastrosimone verified a report from an anonymous source that the funds had been used for these expenses by contacting, among others, a school superintendent. Although it was later revealed that the air conditioner and faculty lunches were on a list of proposed expenses, and were never actually purchased with the workbook fees, we cannot say, under these circumstances, that Mastrosimone was grossly irresponsible (*cf. Thomas v Journal Register Co.*, 24 AD3d 988, 990 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 560 [1980]). Accordingly, the defendants' motion for summary judgment should have been granted.

The defendants' remaining contention has been rendered academic. Balkin, J.P., Leventhal, Sgroi and Miller, JJ., concur.