21-1330-cv
*Isaly v. Boston Globe Media Partners LLC*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of January, two thousand twenty-two.

Present:

> DENNIS JACOBS,
> REENA RAGGI,
> WILLIAM J. NARDINI,
> *Circuit Judges*.

_____

SAMUEL D. ISALY,

> *Plaintiff-Appellant*,

v.                                                          21-1330-cv

BOSTON GLOBE MEDIA PARTNERS LLC,

> *Defendant-Appellee*,

BOSTON GLOBE MEDIA PARTNERS LLP,
DAMIEN GARDE

> *Defendants*.

_____

| | |
|---|---|
| For Plaintiff-Appellant: | ALAN S. LEWIS (John J. Walsh, Nicholas W. Tapert *on the brief*), Carter Ledyard & Milburn LLP, New York, NY |
| For Defendant-Appellee: | JONATHAN M. ALBANO (Kenneth I. Schacter *on the brief*), Morgan, Lewis & Bockius LLP, New York, NY |

1

Appeal from orders and judgment of the United States District Court for the Southern District of New York (Laura Taylor Swain, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders and judgment of the district court are **AFFIRMED**.

Plaintiff-Appellant Samuel Isaly appeals from the district court's September 23, 2020, Memorandum Order granting Defendant-Appellee Boston Globe Media Partners LLC's ("BGMP") motion to dismiss Isaly's Second Amended Complaint ("SAC"), the judgment entered by the district court on September 23, 2020, and the district court's May 13, 2021, Memorandum Order denying Isaly's motion for reconsideration. We assume the reader's familiarity with the record.

We review the dismissal of the SAC *de novo*, accepting as true all factual allegations and drawing all inferences in the plaintiff's favor. *Biro v. Conde Nast*, 807 F.3d 541, 544 (2d Cir. 2015). "Under New York law a defamation plaintiff must establish five elements: (1) a written defamatory statement of and concerning the plaintiff, (2) publication to a third party, (3) fault, (4) falsity of the defamatory statement, and (5) special damages or per se actionability." *Palin v. N.Y. Times Co.*, 940 F.3d 804, 809 (2d Cir. 2019). The parties agreed that, for the purposes of the motion to dismiss, the applicable standard of fault was "gross irresponsibility." *See Chapadeau v. Utica Observer-Dispatch*, 38 N.Y.2d 196, 199 (1975) (holding publisher not at fault where it had not "acted in a grossly irresponsible manner without due consideration for the standards of information gathering and dissemination ordinarily followed by responsible parties"). Several factors are relevant to whether a publisher acted in a grossly irresponsible manner, including

> whether sound journalistic practices were followed in preparing the defamatory article, whether normal procedures were followed and whether an editor reviewed the copy, whether there was any reason to doubt the accuracy of the source relied upon so as to produce a duty to make further inquiry to verify the information, for example, by checking secondary sources, and whether the truth was easily accessible.

*Hawks v. Record Printing and Pub. Co.*, 486 N.Y.S.2d 463, 466 (App. Div. 1985) (citations omitted); *accord Dalbec v. Gentleman's Companion, Inc.*, 828 F.2d 921, 924-25 (2d Cir. 1987).

Isaly argues that he is physically incapable of taking the actions attributed to him in the article—primarily, sending inappropriate emails—published by BGMP because he is quadriplegic, a condition that "imposes severe, immobilizing limitations on the use of his arms, legs, hands, and fingers which require him to have the assistance of a personal aide" to carry out many daily activities, SAC ¶ 5, including "operating communications devices[] such as a computer keyboard and mouse, telephones[,] and other workplace mechanisms," SAC ¶ 10. Because BGMP's reporter, Damien Garde, had an opportunity to observe him at a pre-publication interview, Isaly argues that Garde should have realized that his sources' allegations were inconsistent with the reality of Isaly's physical condition. But none of the allegations in the SAC and nothing in the

2

transcript of the pre-publication interview[1] suggest that what Garde witnessed that day was inconsistent with his sources' stories or even suggested that they might be untrue. The SAC alleges that Isaly retains limited use of his arms and hands, and the interview transcript reflects that Isaly could use a fork. The transcript further reflects that Isaly receives help from a number of colleagues and assistants with daily tasks, including eating and operating computers. The reality of Isaly's physical condition and the level of support he receives, as observed by Garde during the interview, do not undermine the allegations made in the article. Isaly has therefore not sufficiently alleged that BGMP acted in a grossly irresponsible manner by publishing Garde's story.[2]

Isaly's remaining arguments in support of the sufficiency of his allegations of gross irresponsibility are similarly unavailing. Isaly asserts that Garde made no meaningful attempt during the interview to test the allegations that would be made in the forthcoming article. This contention is flatly contradicted by the interview transcript, which reflects that Garde asked whether nearly all of the specific allegations made in the article were true. Isaly next points to statements by his colleagues during the interview, which he characterizes as "unequivocal" and "squarely in tension with the notion that Mr. Isaly engaged in sexual misconduct in the workplace." Isaly Br. 27–28. Again, this argument is contradicted by the transcript. At most, the other employees interviewed stated that they had not heard of any complaints about Isaly's behavior. And the firm's human resources director acknowledged receiving some complaints about Isaly's behavior but maintained that these complaints did not rise to "a level of harassment or sexual harassment" which she defined as "severe, pervasive activity." App'x 121. Nor does Isaly explain how it was grossly irresponsible for BGMP to credit its own reporting over sources provided by the subject of that reporting. Isaly must plausibly plead not just that there was some evidence against the allegations of the article, but that BGMP acted in a "grossly irresponsible manner without due consideration for the standards of information gathering and dissemination ordinarily followed by responsible parties." *Chapadeau*, 38 N.Y.2d at 199; *see also Hawks*, 386 N.Y.S.2d at 466 (stating that publisher acts in grossly irresponsible manner when, in light of "reason to doubt the accuracy of the source relied upon," it neglects a "duty to make further inquiry to verify the information").

---

[1] The district court correctly concluded that it could consider the transcript in ruling on BGMP's motion to dismiss because it was a document of which Isaly had knowledge and upon which Isaly relied in bringing suit. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). Moreover, Isaly failed to challenge the district court's reliance on the transcript and, to the contrary, relied on the transcript in both his opening and reply briefs on appeal. Any objection to the district court's consideration of the transcript is therefore waived. *Pettaway v. Nat'l Recovery Sol., LLC*, 955 F.3d 299, 305 n.2 (2d Cir. 2020).

[2] Isaly also argues that the article misrepresented his physical condition by describing him as "partially paralyzed," App'x 33, and "without the use of his legs," *id.* at 39, and that these misrepresentations alone establish BGMP's gross irresponsibility. Even assuming that such a misrepresentation could establish gross irresponsibility, this argument is contradicted by the allegations of the SAC and the interview transcript. Isaly specifically alleged in the SAC that he retains some use of his arms and hands. And, as noted above, the interview transcript reflects that Isaly retains enough motor function to feed himself using a fork. Moreover, Isaly's characterization of the article overlooks the article's acknowledgement that Isaly occasionally requires assistance with eating, undermining his assertion that the article unambiguously portrays him as capable of full use of his arms and hands. While Isaly is entitled to *reasonable* inferences in his favor in defending against a motion to dismiss, it is the court's duty to review the "entire publication . . . in terms of its effect upon the ordinary reader." *Silsdorf v. Levine*, 462 N.Y.S.2d 822, 825 (1983).

Isaly next questions Garde's use of anonymous sources. But none of the allegedly defamatory statements in the article "were based wholly on information from unverified and anonymous sources." *Biro*, 807 F.3d at 546 (internal quotation marks omitted) (stating that use of anonymous sources was insufficient to establish plausibility that publisher of allegedly defamatory statement acted with requisite level of fault—there, actual malice). The article cites a named source with contemporaneous documentary evidence in addition to the anonymous sources. And Isaly pleads no facts that cast doubt on the reliability of Garde's anonymous sources or that call into question the article's assertion that each was first contacted by Garde and interviewed separately. His argument that depositions might reveal that the article mischaracterized the sources' statements is purely speculative. *See DiStiso v. Cook*, 691 F.3d 226, 230 (2d Cir. 2012) ("A court cannot credit a plaintiff's merely speculative or conclusory assertions.").

"[W]ithout 'substantial reasons' to doubt the accuracy of the material or the trustworthiness of its author, a publisher is entitled to rely on the research of an established writer." *Weiner v. Doubleday & Co., Inc.,* 74 N.Y.2d 586, 596 (1989). Because Isaly has not pleaded facts plausibly alleging that BGMP acted in a grossly irresponsible manner, we affirm the district court's dismissal of the SAC and denial of Isaly's motion for reconsideration.

\*     \*     \*

We have considered Isaly's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the decisions and judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4