Park v Yoon Young Park (2022 NY Slip Op 05213)

Park v Yoon Young Park

2022 NY Slip Op 05213

Decided on September 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
REINALDO E. RIVERA
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2019-09751
 (Index No. 701643/14)

[*1]I. Andrew Park, appellant, et al., plaintiff
v
Yoon Young Park, et al., defendants, Korean Channel, respondent.

Robert Alan Saasto, Woodbury, NY, for appellant.
Richard A. Solomon (Lipsitz Green Scime Cambria, LLP, Buffalo, NY [John A. Collins], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for defamation, the plaintiff I. Andrew Park appeals from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), dated July 5, 2019. The order granted the motion of the defendant Korean Channel for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
The plaintiff, an attorney, alleged that he was defamed by the defendant Korean Channel's (hereinafter TKC) television broadcast, which reported information that was provided during a press conference by the defendant Yoon Young Park (hereinafter Park). TKC moved for summary judgment dismissing the complaint insofar as asserted against it, contending, inter alia, that its reporting of the press conference was not grossly irresponsible. In an order dated July 5, 2019, the Supreme Court granted TKC's motion. The plaintiff appeals.
TKC could only be held liable for defamation if it acted in a grossly irresponsible manner, without due consideration for the standards of information gathering and dissemination ordinarily followed by responsible parties (see Stone v Bloomberg L.P., 163 AD3d 1028, 1029). This is because the plaintiff is a private figure, and it is undisputed that the broadcast, which concerned pre-settlement loans offered to plaintiffs in personal injury lawsuits, was within the sphere of legitimate public concern (see Chapadeau v Utica Observer-Dispatch, 38 NY2d 196, 199; Udell v NYP Holdings, Inc., 169 AD3d 954, 955). The "standard of 'gross irresponsibility' demands no more than that a publisher utilize methods of verification that are reasonably calculated to produce accurate copy" (Karaduman v Newsday, Inc., 51 NY2d 531, 549; see Hayt v Newsday, LLC, 176 AD3d 787, 788; Matovcik v Times Beacon Record Newspapers, 108 AD3d 511, 511).
Here, TKC established, prima facie, that it was not grossly irresponsible in reporting statements made during the press conference. The record indicates that the broadcast comported with TKC's protocol for information gathering during a press conference (see Hayt v Newsday, LLC, 176 AD3d at 788). In particular, TKC's broadcast primarily relied on Park, whom TKC viewed as a well regarded "public figure" affiliated with an organization that promoted matters of import to the Korean-American community, and who was a credible source of information, and one whom TKC had relied upon multiple times in the past (see Rainbow v WPIX, Inc., 179 AD3d 561, 563; Yellon [*2]v Lambert, 289 AD2d 486, 486; Robare v Plattsburgh Publ. Co., Div. of Ottaway Newspapers, 257 AD2d 892, 893). Contrary to the plaintiff's contention, there was no basis in the record to find either that TKC was aware that Park's statements were probably false, or that TKC had some reason to doubt the accuracy of Park's statements (see Hayt v Newsday, LLC, 176 AD3d at 788). In addition, there is no merit to the plaintiff's contention that TKC should have contacted him prior to disseminating its broadcast, since the individual purportedly defamed at the press conference was identified only by initials, and thus the plaintiff was not readily identifiable as that individual (see Rainbow v WPIX, Inc., 179 AD3d at 562; Robare v Plattsburgh Publ. Co., Div. of Ottaway Newspapers, 257 AD2d at 893).
The plaintiff's claim that the last portion of TKC's broadcast distorted Park's statements, and thereby defamed the plaintiff even further, is without merit. TKC established, prima facie, that the information was obtained during the course of the press conference, and was not contrived by TKC. In addition, TKC is correct that the last portion of its broadcast is not actionable as defamation by the plaintiff since it purported to convey information concerning attorneys generally, and failed to included "sufficient particulars of identification to be actionable by an individual" (Brady v Ottaway Newspapers, 84 AD2d 226, 233; see Three Amigos SJL Rest., Inc. v CBS News Inc., 28 NY3d 82, 86).
In opposition to TKC's prima facie showing, the plaintiff failed to raise a triable issue of fact (see Matovcik v Times Beacon Record Newspapers, 108 AD3d at 512).
The plaintiff's remaining contention is without merit.
CONNOLLY, J.P., RIVERA, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court