■ DAVID KAPLAN, Appellant, v MARGARET S. MACNAMARA et al., Respondents.—In a libel action, plaintiff appeals (1) from an order of the Supreme Court, Queens County (Durante, J.), entered September 12, 1984, which granted defendants' motion for summary judgment and dismissed his complaint, and (2) as limited by his brief, from so much of an order of the same court, dated September 18, 1984, as, upon reargument, adhered to the original determination.

Appeal from the order entered September 12, 1984 dismissed. That order was superseded by the order dated September 18, 1984, made upon reargument.

Order dated September 18, 1984 affirmed, insofar as appealed from.

Defendants are awarded one bill of costs.

The plaintiff, a former member of the faculty of St. Vincent's College of St. John's University, was denied tenure in October of 1980 by the personnel and budget committee of his department by a vote of 2 to 1. Pursuant to her obligation to inform both the plaintiff and the acting dean of the committee's decision, defendant MacNamara, the departmental chairperson, sent the plaintiff a letter dated October 24, 1980, which stated that plaintiff's application for tenure had been rejected, and that the negative votes were based on plaintiff's "[f]ailure to evidence satisfactory qualities of personality and character", and his "[f]ailure to evidence willingness to cooperate with others in the achievement of the objectives of St. Vincent's College and St. John's University". A copy of this letter was forwarded to Acting Dean Ruggieri. The plaintiff's tenure denial was affirmed on appeal by the college personnel committee. In accordance with her obligation under the university's statutes and customs, Acting Dean Ruggieri sent plaintiff a memorandum informing him of the college committee's decision. Therein, she stated that the personnel and

budget committee's decision had been upheld based upon the reasons stated in the letter dated October 24, 1980. Copies of this memorandum were forwarded to Executive Vice-President C. Carl Robusto and Departmental Chairperson MacNamara in order to inform them of the decision. The instant libel action ensued.

When a speaker communicates information on a subject matter in which he " 'has an *interest,* or in reference to which he has a *duty*' " and such information is communicated to a person with a corresponding interest or duty, a qualified privilege exists *(Shapiro v Health Ins. Plan,* 7 NY2d 56, 60, quoting from *Byam v Collins,* 111 NY 143, 150). Because the communications of which plaintiff now complains were in fact made by those who shared both a common interest and duty, they were indeed cloaked with a qualified privilege *(cf. Stukuls v State of New York,* 42 NY2d 272; *Leibowitz v Szoverffy,* 80 AD2d 692, *lv denied* 53 NY2d 608), which cast upon the plaintiff the burden of proving that defendants acted with actual malice *(see, Park Knoll Assoc. v Schmidt,* 59 NY2d 205, 211; *Dano v Royal Globe Ins. Co.,* 59 NY2d 827, 829). Although the existence of malice is usually a question of fact, the issue is one for the jury only if the plaintiff provides evidence warranting such submission *(see, Cosme v Town of Islip,* 63 NY2d 908; *Toker v Pollak,* 44 NY2d 211, 219; *Kilcoin v Wolansky,* 75 AD2d 1, 11, *affd* 52 NY2d 995). When faced with a motion for summary judgment, plaintiff must produce evidentiary facts indicating that the defendant was motivated by malice, and conclusory allegations based upon suspicion, conjecture or surmise will not suffice *(see, Gold v East Ramapo Cent. School Dist.,* 115 AD2d 636; *Shapiro v Health Ins. Plan, supra,* at p 63; *Handlin v Burkhart,* 101 AD2d 850, 851-852, *affd* 66 NY2d 678). Falsity alone is an insufficient basis upon which to infer malice; a showing consistent with an intent to injure the plaintiff is generally required *(see, Kilcoin v Wolansky, supra,* at p 11; *Friedman v Ergin,* 110 AD2d 620, *affd* 66 NY2d 645).

A careful review of the record fails to reveal such evidence of malice as would warrant submitting this case to a jury. Plaintiff has produced nothing more than conclusory allegations of malice which are based solely on suspicion and surmise. Although plaintiff does allege in his affidavit that he and defendant MacNamara share a poor professional relationship characterized by competition and hostility, defendant MacNamara was not a member of either of the committees which evaluated plaintiff's tenure application. Thus, she did

not contribute to the initial publication of the statements complained of. Moreover, the plaintiff has utterly failed to demonstrate that in republishing those statements pursuant to her duty to inform him of the committee's decision, MacNamara was activated by malice. On the contrary, the record clearly shows that her function was solely to relay the committee's decision to the appropriate parties, using precisely the words utilized by the committee members themselves in rejecting plaintiff's tenure application. The plaintiff has similarly failed to present sufficient facts to support his allegation that any of the other defendants acted with malice. Accordingly, we conclude that Special Term correctly granted the defendants summary judgment. Thompson, J. P., Brown, Weinstein and Eiber, JJ., concur.