■ DEAN MIHLOVAN, Appellant, v ELENA GROZAVU et al., Respondents.—In an action to recover damages for defamation, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Graci, J.), dated February 19, 1986, which, upon the defendants' motion, dismissed the complaint.

Ordered that the order and judgment is affirmed, with costs.

The record reveals that all of the alleged defamatory statements were made at the St. Nicholas Romanian Orthodox Church by church members, many of them at two church meetings concerning elections to the church's parish council. The plaintiff, who was attempting to inject himself in the election process and influence church policies, alleged in his complaint that the statements were made in pursuance of a conspiracy by the defendants "to eliminate the plaintiff from any participation in the above named Church, and to gain control of said Church by denying plaintiff any influence in the Church's Parish Council. The plaintiff was the main trustee, supporter and contributor of the above named Church". We hold that since these statements arose in the context of discussion of church disputes, elections, or other church matters they enjoy a qualified privilege and are not actionable absent proof that they were spoken with malice, knowledge of their falsity, or reckless disregard for their truth *(see, e.g., Loughry v Lincoln First Bank,* 67 NY2d 369, 376; *Toker v Pollak,* 44 NY2d 211; *Mock v LaGuardia Hospital-Hip Hosp.,* 117 AD2d 721; *Kaplan v MacNamara,* 116 AD2d 626, *lv denied* 68 NY2d 607; *O'Donaghue v M'Govern,* 23 Wend 26; *Jarvis v Hatheway,* 3 Johns 180; *Church of Scientology v Green,* 354 F Supp 800).

Although the trial court here, in treating the defendants' motion to dismiss as a motion for summary judgment, did not give the parties the notice prescribed by CPLR 3211 (c), it nonetheless acted properly as the parties themselves submitted arguments on the merits and thus treated the motion as one for summary judgment. Thus, it cannot be shown how the parties were prejudiced by their failure to receive notice under CPLR 3211 (c) *(see, e.g., Mathys v Town of E. Hampton,* 114 AD2d 842). Faced with such a motion for summary judgment showing the existence of a qualified privilege, the burden shifted to the plaintiff to produce evidentiary facts indicating that the defendants were motivated by malice, knowledge of the falsity of the statements, or reckless disregard of their truth. As the plaintiff presented no such evidence, apart from conclusory allegations based on suspicion, conjecture, and surmise, his complaint was properly dismissed *(see, e.g., Toker v Pollak, supra; Mock v LaGuardia Hospital-Hip Hosp., supra; Kaplan v MacNamara, supra).* Thompson, J. P., Niehoff, Kunzeman and Harwood, JJ., concur.