■ JOHN H. PARK et al., Appellants, v LEON V. LEWIS, Respondent, et al., Defendants.—Order and judgment unanimously affirmed with costs. Memorandum: While misconduct proceedings were pending against plaintiff, an ophthalmologist, two private detectives were hired to gather evidence for his defense. According to plaintiff, the female detective was to pose as a cataract patient and the male as her concerned brother. They were to consult with local ophthalmologists and tape-record their statements regarding cataract surgery proce-

dures. During the first visit to defendant Lewis' office, defendant allegedly made defamatory statements concerning the plaintiff. Plaintiff instructed the detectives to return to defendant's office to record additional statements concerning plaintiff, and he then commenced this action asserting two causes of action for slander.

Special Term properly granted defendant's motion for summary judgment dismissing both causes of action. During each interview with the detectives, defendant reasonably believed that he was giving advice to a cataract patient regarding her desire to avoid hospital costs by having the cataract procedure performed at plaintiff's eye clinic and whether she should obtain a second opinion. The statements were made on matters pertaining to the interest of the patient or in furtherance of a mutual interest and thus, were conditionally privileged *(see, Buckley v Litman,* 57 NY2d 516; *Kenny v Cleary,* 47 AD2d 531; *see also,* Prosser and Keeton, Torts § 115 [5th ed]).

We further note that plaintiff has failed to raise a factual issue regarding his claim that the privilege was abused; he made no showing that the statements were false or that defendant was motivated by actual malice *(see, Kaplan v MacNamara,* 116 AD2d 626, 627, *lv denied* 68 NY2d 607). A mere conclusory allegation that the words were uttered maliciously is insufficient to raise a factual issue as to malice *(Kaplan v MacNamara, supra; Vacca v General Elec. Credit Corp.,* 88 AD2d 740, 741), nor were the words uttered so vituperative in character as to warrant an inference of malice *(Vacca v General Elec. Credit Corp., supra).* Plaintiff's reliance on *Whelehan v Yazback* (84 AD2d 673) is misplaced, since that case involved a motion to dismiss for failure to state a cause of action.

We note a further basis for dismissal of the second cause of action. Plaintiff in effect consented to the alleged defamatory statements by authorizing his agents to obtain further comment when he had reason to anticipate that defendant's responses to inquiries might be defamatory. That consent constitutes a complete defense to the second cause of action *(see, Teichner v Bellan,* 7 AD2d 247). (Appeal from order and judgment of Supreme Court, Erie County, Mintz, J.—summary judgment.) Present—Doerr, J. P., Boomer, Green, Pine and Balio, JJ.