■ JOHN P. MILLER, Respondent, v JOURNAL-NEWS et al., Appellants. [620 NYS2d 500] —In an action to recover damages for libel, the defendants appeal from an order of the Supreme Court, Rockland County (Meehan, J.), entered September 30, 1993, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

This action was brought by the plaintiff, John P. Miller, a police officer, to recover damages for the alleged defamatory statements that appeared in two newspaper articles published by the defendant newspaper and written by the defendants Frank Leonard and Steven Lieberman, reporters for the defendant newspaper. Both articles stated that the plaintiff was "suspended" from his duties by the police department pending a departmental investigation into his firing a warning shot in pursuit of a shoplifter while moonlighting as a security guard. The plaintiff alleges that he was not "suspended", but rather placed on "administrative leave" pending the investigation

and that the derogatory use of the word "suspended" was both defamatory and false.

The Supreme Court erred in denying the defendants' motion for summary judgment since it is well established that truth is an absolute bar to a libel action *(see, Rinaldi v Holt, Rinehart & Winston,* 42 NY2d 369; *Kraus v Brandstetter,* 167 AD2d 445, 447). Furthermore, under New York law the "accuracy of the report should be assessed on the publication as a whole, not isolated portions of it" *(Law Firm of Daniel P. Foster v Turner Broadcasting Sys.,* 844 F2d 955, 959 [2d Cir 1988]). After assessing the two newspaper articles in their entirety and giving the language of the articles the fair reading of the average reader, we find that the plaintiff failed to submit adequate evidence to controvert the truth and accuracy of the articles and, thus, failed to meet his burden of showing that there is a genuine issue for trial as to whether the statements were substantially true *(see, Law Firm of Daniel P. Foster v Turner Broadcasting Sys., supra).* The newspaper articles were substantially true since the terms "suspended" and placed on "administrative leave" are interchangeable given the underlying facts of the incident reported and the action taken by the police department in placing the plaintiff on leave pending an internal investigation. Thus, the substantial truth of the newspaper articles bars a libel action *(see, Kraus v Brandstetter, supra).* Sullivan, J. P., Thompson, Copertino and Pizzuto, JJ., concur.