■■■ WALTER LEE, Appellant, v CITY OF ROCHESTER et al., Respondents. [677 NYS2d 848] —Order unanimously affirmed without costs. Memorandum: As a threshold issue, we conclude that Supreme Court did not err in granting the motion of defendants City of Rochester (City) and Captain Paul Chechak for summary judgment dismissing the complaint against them on a ground not argued by them. In their motion, the City and Chechak argued only that plaintiff, as a public figure, had failed to produce evidence of constitutional malice on the part of either the City or Chechak. The court rejected that contention but, although not raised, granted their motion on the ground that Chechak's statements to the reporter were protected by a qualified privilege and that plaintiff had failed to produce any evidence of malice to overcome the privilege. *Dunham v Hilco Constr. Co.* (89 NY2d 425) does not require reversal. In *Dunham*, the Court of Appeals held that the Appellate Division, in deciding an appeal by a general contractor

and a subcontractor, erred in searching the record and dismissing the complaint against another nonmoving subcontractor on an issue not presented in the motion papers of the other parties.

This case is also distinguishable from the cases cited in *Dunham (supra)*. In *Conroy v Swartout* (135 AD2d 945), neither party had moved for judgment on the cause of action on which summary judgment was granted. In *Mercedes-Benz Credit Corp. v Dintino* (198 AD2d 901), although the motion was addressed to the complaint, Supreme Court granted summary judgment in the third-party action. And in *Frank v City of New York* (211 AD2d 478), the First Department declined to grant summary judgment to defendant City of New York because it had neither moved for that relief in Supreme Court nor appealed from the order granting summary judgment to codefendants.

Here, by contrast, the complaint was the subject of the motion, plaintiff and defendants were parties to the motion, the issue of qualified privilege is raised in the answer as an affirmative defense, qualified privilege was the basis of the City's and Chechak's prediscovery motion for summary judgment and that issue had been argued in the prior appeal but remained open pending further discovery (*Lee v City of Rochester*, 195 AD2d 1000, 1001). Further, the issue of malice was necessarily before the court on the issue that was raised by the City and Chechak in their motion. Evidence of constitutional malice is necessary to create liability where plaintiff is a public figure, and evidence of either constitutional malice or common-law malice is necessary to overcome a defense of qualified privilege (*see, Liberman v Gelstein*, 80 NY2d 429, 437-438). That defense had been previously raised and argued and came as no surprise to plaintiff.

The record establishes that Chechak's statements made to a newspaper reporter employed by defendant Gannett Rochester Newspapers (Gannett) are protected by a qualified privilege (*see, Liberman v Gelstein, supra*, at 437; *Shapiro v Health Ins. Plan*, 7 NY2d 56, 60-61; *Kaplan v MacNamara*, 116 AD2d 626, 627, *lv denied* 68 NY2d 607). Chechak's statements were neither gratuitous nor irrelevant references to a prior incident that allegedly involved plaintiff. The single reference to the prior incident, although erroneous, was germane to the shooting being investigated by the police. Upon being asked whether a particular area or property is associated with on-going problems, a police officer may give details of past and present incidents that would interest or affect the public. Although

there are discrepancies between the testimony of Chechak and the reporter regarding what Chechak said, either version is protected by a qualified privilege. Chechak, as a police officer, and Gannett, as a newspaper publisher, shared a common interest in the shooting and any prior incidents affecting plaintiff and the bar formerly owned by him. It was within Chechak's charge as a public official to communicate to a member of the media information regarding the bar where nine people had been shot that day. Because Chechak's statements were communicated to the reporter and published by Gannett, which shared both a common interest and duty with Chechak, the statements are cloaked with a qualified privilege (*see, Kaplan v MacNamara, supra,* at 627).

Plaintiff failed to overcome the qualified privilege by producing evidentiary facts indicating that the defendants were motivated by malice (*see, Kaplan v MacNamara, supra,* at 627; *Liberman v Gelstein, supra,* at 437-438). Plaintiff may not rely on falsity alone to raise an inference of malice; the false statement must be consistent with an intent to injure plaintiff (*see, Shapiro v Health Ins. Plan, supra,* at 61; *Kaplan v MacNamara, supra,* at 627). Moreover, plaintiff's conclusory allegations concerning another police officer who had testified against renewal of an amusement center license for plaintiff's former bar at an unrelated City hearing are insufficient to raise an inference of malice (*see, Liberman v Gelstein, supra,* at 439; *Cosme v Town of Islip,* 63 NY2d 908, 909).

The court also properly granted the motion of Gannett for summary judgment dismissing the complaint against it. Because plaintiff is a private figure and the article was within the sphere of legitimate public concern, plaintiff had to establish that Gannett acted in a grossly irresponsible manner (*see, Chapadeau v Utica Observer-Dispatch,* 38 NY2d 196, 199-200; *see also, Mitchell v Herald Co.,* 137 AD2d 213, 216, *appeal dismissed* 72 NY2d 952). The "standard of 'gross irresponsibility' demands no more than that a publisher utilize methods of verification that are reasonably calculated to produce accurate copy" (*Karaduman v Newsday, Inc.,* 51 NY2d 531, 549, *rearg denied* 52 NY2d 899). A newspaper reporter may "rely on official reports by law enforcement officers, including unsworn reports [citations omitted], unless the reporter is aware of the probable falsity of the reports or has some reason to doubt their accuracy" (*Mitchell v Herald Co., supra,* at 217).

Gannett established that Chechak had provided reliable and accurate information to its reporters on previous occasions and that he was a regular source of information for stories involv-

ing crime in Rochester. Contrary to plaintiff's contention, a "newspaper is under no legal obligation to interview every possible witness to an incident * * * The newspaper's obligation is to base its story on a reliable source" (*Mitchell v Herald Co., supra*, at 217). The fact that the information published by Gannett proved to be inaccurate does not demonstrate gross irresponsibility (*see, Robart v Post-Standard*, 74 AD2d 963, *affd* 52 NY2d 843).

We have examined the remaining contentions of plaintiff and conclude that they lack merit. (Appeal from Order of Supreme Court, Monroe County, Fisher, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Pigott, Jr., Callahan and Boehm, JJ. [*See*, 174 Misc 2d 763.]