■ ALBERT LeBRETON, III, Also Known as ALLEN BRETON, Appellant, v LOUIS WEISS, Respondent. [680 NYS2d 532] —Order, Supreme Court, New York County (Emily Goodman, J.), entered September 8, 1997, which granted defendant's motion to dismiss the complaint pursuant to CPLR 3211 and 3212, unanimously affirmed, with costs.

The verified complaint in this defamation action alleges that, in order to ascertain if defendant, plaintiff's former landlord, had been defaming him, plaintiff had two individuals contact defendant "under the pretense of being landlords" and had them make certain inquiries to which defendant responded by making the defamatory statements upon which this action is premised. Because such allegations establish as a matter of law that plaintiff consented to the publication of the alleged defamatory statements by soliciting them through his agents, and such consent constitutes a complete defense to an action for defamation (*see, e.g., Park v Lewis*, 139 AD2d 961, 962; Restatement [Second] of Torts §§ 583, 584, comment *d*), the complaint fails to state a cause of action. To the extent that the opposition affidavits submitted by plaintiff and the two individuals to whom the alleged defamatory statements were published allege that the individuals did not make their inquiries at plaintiff's direction, such affidavits were directly contradictory of the allegations of plaintiff's verified complaint

and, as such, insufficient to avoid the complaint's dismissal (*see, e.g., American Realty Co. v 64 B Venture*, 176 AD2d 226, 226-227).

Since the order appealed from neither granted nor denied plaintiff's cross motion for leave to serve a late reply to defendant's counterclaims, we have no occasion to address the cross motion on this appeal. Plaintiff remains free to make a further application to the motion court for the relief sought in the cross motion. Concur—Sullivan, J. P., Milonas, Tom and Mazzarelli, JJ.