■ TARIK ELIBOL, Appellant, v BERKSHIRE-HATHAWAY, INC. et al., Respondents. [747 NYS2d 649] —Appeal from an order of Supreme Court, Erie County (Fahey, J.), entered July 30, 2001, which granted defendants' motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint in this defamation action. The action arises from an article published in the Buffalo News concerning three physicians disciplined for misconduct by the State Board for Professional Medical

Conduct (Board). The relevant portion concerning plaintiff states that plaintiff "did not contest one count of misconduct and agreed to a two-year probation and permanent limitation of his medical license, preventing him from performing any endoscopic procedures." Defendants acknowledge that the statement is inaccurate because plaintiff actually agreed to a permanent limitation on his license restricting his "performance of any and all endoscopic procedures to hospitals having a valid operating certificate issued pursuant to" the Public Health Law. Contrary to defendants' contention, the contested statement is "reasonably susceptible of a defamatory connotation" (*Weiner v Doubleday & Co.*, 74 NY2d 586, 592, *cert denied* 495 US 930; *see generally James v Gannett Co.*, 40 NY2d 415, 419-420, *rearg denied* 40 NY2d 990) and constitutes defamation per se because "it imputes to plaintiff incompetence, incapacity or unfitness in the performance of his trade, occupation or profession" (*Van Lengen v Parr*, 136 AD2d 964, 964). We further conclude that the court erred in determining that the contested article is protected under Civil Rights Law § 74 as a matter of law. There is an issue of fact whether the article can be characterized as a "substantially accurate" account of the Board's action (*Holy Spirit Assn. for Unification of World Christianity v New York Times Co.*, 49 NY2d 63, 67; *see also Campbell v New York Evening Post*, 245 NY 320, 328-329; *Ocean State Seafood v Capital Newspaper, Div. of Hearst Corp.*, 112 AD2d 662, 665-666; *see generally* 2 NY PJI3d 271-272 [2002]).

Nevertheless, we conclude that the court properly determined that defendants are entitled to summary judgment dismissing the complaint. Defendants met their initial burden by establishing that they did not act in a "grossly irresponsible manner" in researching and publishing the article (*Chapadeau v Utica Observer-Dispatch*, 38 NY2d 196, 199; *see generally McCormack v County of Westchester*, 286 AD2d 24, 30), and plaintiff failed to raise an issue of fact (*see Bytner v Capital Newspaper, Div. of Hearst Corp.*, 112 AD2d 666, 668, *affd* 67 NY2d 914; *Fowler v American Lawyer Media*, 282 AD2d 340, *lv denied* 96 NY2d 716; *see also Pellegrino v Buffalo News*, 265 AD2d 841). Present—Pine, J.P., Wisner, Hurlbutt, Scudder and Burns, JJ.