■ MILLENNIUM OF ROCHESTER, INC., et al., Plaintiffs, and MICHAEL COLLICHIO, Appellant-Respondent, v TOWN OF WEBSTER et al., Defendants, and THE WEBSTER TOWN POST et al., Respondents-Appellants. (Appeal No. 2.) [758 NYS2d 582] —Appeal and cross appeal from an order of Supreme Court, Monroe County (Frazee, J.), entered February 22, 2002, which, inter alia, granted in part the motion of defendants The Webster Town Post and Messenger Post Newspapers and dismissed the complaint against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified in the exercise of

discretion and on the facts by granting the motion in its entirety and awarding defendants The Webster Town Post and Messenger Post Newspapers reasonable attorney's fees and as modified the order is affirmed with costs to defendants The Webster Town Post and Messenger Post Newspapers, and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the memorandum herein. All findings of fact made by Supreme Court that are inconsistent with the memorandum herein are hereby reversed and new findings are made pursuant to CPLR 5712 (c) as contained in the following memorandum: Plaintiffs commenced two separate actions against, inter alia, The Webster Town Post and Messenger Post Newspapers (defendants), alleging libel and defamation based on two newspaper articles about related events. By its order in appeal No. 2, Supreme Court properly granted that part of the motion of defendants seeking summary judgment dismissing the first complaint against them. Viewing the newspaper article that is the subject of that action as a whole (*see Miller v Journal-News*, 211 AD2d 626, 627 [1995]), we conclude that it constitutes "a fair and true report of * * * [an] official proceeding" and thus defendants are immune from liability with respect to that article (Civil Rights Law § 74; *see Holy Spirit Assn. for Unification of World Christianity v New York Times Co.*, 49 NY2d 63, 67-68 [1979]; *Crucey v Jackall*, 275 AD2d 258 [2000]). "[A] fair and true report admits of some liberality; the exact words of every proceeding need not be given if the substance be substantially stated" (*Briarcliff Lodge Hotel v Citizen-Sentinel Publs.*, 260 NY 106, 118 [1932], *rearg denied* 261 NY 537 [1933]; *see Holy Spirit Assn. for Unification of World Christianity*, 49 NY2d at 67). Furthermore, defendants established that they did not act "in a grossly irresponsible manner without due consideration for the standards of information gathering and dissemination ordinarily followed by responsible parties" (*Chapadeau v Utica Observer-Dispatch*, 38 NY2d 196, 199 [1975]), and plaintiffs failed to raise a triable issue of fact whether defendants' conduct in relying on the statements of town officials was grossly irresponsible.

In its order in appeal No. 2, the court also denied that part of defendants' motion seeking an award of reasonable attorney's fees pursuant to CPLR 8303-a (a) but awarded statutory costs. Pursuant to CPLR 8303-a (a), the court "shall award" costs and reasonable attorney's fees to the successful party when an action is commenced or continued by a plaintiff and a court finds the action to be frivolous (*see Mitchell v Herald Co.*, 137 AD2d 213, 219-220 [1988], *appeal dismissed*

72 NY2d 952 [1988]). In the exercise of our discretion, we find that the action that is the subject of appeal No. 2 is frivolous with respect to defendants, i.e., it was "continued in bad faith without any reasonable basis in law or fact and [can] not be supported by a good faith argument for an extension, modification or reversal of existing law" (8303-a [c] [ii]; *see Mitchell*, 137 AD2d at 218-219). We therefore modify the order in appeal No. 2 by granting defendants' motion in its entirety and awarding defendants reasonable attorney's fees, and we remit the matter to Supreme Court, Monroe County, to determine the reasonable amount of attorney's fees to which defendants are entitled.

With respect to the order in appeal No. 3, we conclude that the court properly granted that part of the motion of defendants seeking summary judgment dismissing the complaint against them, which concerned a newspaper article reporting a comment made by a party concerning the court's decision underlying the order at issue in appeal No. 1 (*see Millennium of Rochester v Town of Webster* [appeal No. 1], 305 AD2d 1011 [2003]). Viewing the newspaper article as a whole (*see Miller*, 211 AD2d at 627), we conclude that it is a " 'fair and true report of [a] judicial proceeding' " (*Holy Spirit Assn. for Unification of World Christianity*, 49 NY2d at 67, quoting Civil Rights Law § 74). Further, plaintiffs failed to raise an issue of fact whether defendants acted in a grossly irresponsible manner (*see Chapadeau*, 38 NY2d at 199).

As in appeal No. 2, we conclude that the court properly awarded statutory costs but should have granted that part of defendants' motion seeking an award of reasonable attorney's fees as well. We find in the exercise of our discretion that the action that is the subject of appeal No. 3 is frivolous with respect to defendants, i.e., it was "continued in bad faith without any reasonable basis in law or fact and [can] not be supported by a good faith argument for an extension, modification or reversal of existing law" (CPLR 8303-a [c] [ii]; *see Mitchell*, 137 AD2d at 218-219). We therefore modify the order in appeal No. 3 by granting defendants' motion in its entirety and awarding defendants reasonable attorney's fees, and we remit the matter to Supreme Court, Monroe County, to determine the reasonable amount of attorney's fees to which defendants are entitled. Present—Pigott, Jr., P.J., Green, Pine, Burns and Gorski, JJ.