■ Miguel Colon, Appellant-Respondent, v City of Rochester et al., Respondents, and County of Monroe, Respondent-Appellant. [762 NYS2d 749] —Appeal and cross appeal from an order of Supreme Court, Monroe County (Siracuse, J.), entered July 29, 2002, which, inter alia, denied that part of the motion of defendants County of Monroe and County of Monroe Sheriff's Department seeking summary judgment dismissing the cause of action for defamation against defendant County of Monroe.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion of defendants County of Monroe and County of Monroe Sheriff's Department in its entirety and dismissing the complaint against defendant County of Monroe and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action against The Discovery Channel and Film Garden Entertainment, Inc. (media defendants) and the City of Rochester and its Police Department (City), the County of Monroe (County) and its Sheriff's Department, and an entity sued as The Academy and one of its employees, Robert R. Hazelwood (collectively, nonmedia defendants). Against all defendants, the complaint alleges causes of action for defamation, negligence, and violation of Civil Rights Law §§ 50 and 51, all in connection with the mistaken inclusion of plaintiff's photograph in a broadcast documentary about a notorious murder that, according to the documentary maker, was committed by an uncle of the victim. Like plaintiff, the uncle was named Miguel Colon.

Although only certain defendants moved for summary judgment dismissing the complaint against them or for dismissal of the complaint for failure to state a cause of action, Supreme Court granted summary judgment dismissing all causes of action against all defendants with the exception of the County, against which the court allowed only the cause of action for defamation to stand. The court found a triable issue of fact concerning whether the County employee in question, a records clerk in the Office of the County Clerk, acted in a grossly

irresponsible manner in mistakenly turning over to City police officers a photograph taken from plaintiff's pistol permit application. That photograph subsequently was turned over to the documentary maker, and the photograph was thereafter included in the documentary as a depiction of the suspect Miguel Colon.

We conclude that the court erred in denying that part of the motion of the County and its Sheriff's Department seeking summary judgment dismissing the cause of action for defamation against the County and should have granted the motion in its entirety. The County established its entitlement to judgment as a matter of law on the issue whether the County employee "acted in a grossly irresponsible manner without due consideration for the standards of information gathering and dissemination ordinarily followed by responsible parties" (*Chapadeau v Utica Observer-Dispatch,* 38 NY2d 196, 199 [1975]; *see Millennium of Rochester v Town of Webster,* 305 AD2d 1014 [2003]; *Elibol v Berkshire-Hathaway, Inc.,* 298 AD2d 944, 945 [2002]). Plaintiff failed to raise a triable issue of fact with regard to gross irresponsibility (*see Millennium of Rochester,* 305 AD2d at 1016; *Elibol,* 298 AD2d at 945; *Balderman v American Broadcasting Cos.,* 292 AD2d 67, 75-76 [2002], *lv denied* 98 NY2d 613 [2002]). In connection with the foregoing, we note that plaintiff does not challenge the court's application of the constitutional privilege to all of the media and nonmedia defendants in this case, including the County (*see Konikoff v Prudential Ins. Co. of Am.,* 234 F3d 92, 98-102 [2000]; *see also McGill v Parker,* 179 AD2d 98, 107-108 [1992]). In any event, the alleged statements at a minimum would be entitled to a common-law qualified privilege. If applying a common-law qualified privilege, we would conclude that all defendants established as a matter of law that they did not act with actual malice, and that plaintiff failed to raise a triable issue of fact with regard to malice (*see Anas v Brown,* 269 AD2d 761, 763 [2000]; *Teixeira v Korth,* 267 AD2d 958, 959 [1999]; *Lee v City of Rochester,* 254 AD2d 790, 791-792 [1998]).

Moreover, plaintiff fails to allege that, in turning over his photograph as if it were that of the suspect Miguel Colon, the County employee said anything defamatory about plaintiff, nor is there any such proof in the record before us. The only defamatory statements alleged in the complaint are those set forth in the documentary, and those statements cannot be attributed to the County irrespective of the role of the County employee in mistakenly providing plaintiff's photograph. We note that the same is true of the other non-media defendants involved in the

procurement of the photograph and the making of the documentary; no defamatory statements concerning plaintiff are attributed to such parties.

Contrary to plaintiff's further contention, the court properly granted summary judgment dismissing the defamation cause of action against the remaining defendants, including both the media defendants and the other non-media defendants, based on the constitutional privilege. The record establishes that those defendants did not act in a grossly irresponsible manner without due consideration for the standards of information gathering and dissemination ordinarily followed by responsible parties, and plaintiff failed to raise a triable issue of fact (*see Millennium of Rochester,* 305 AD2d at 1016; *see generally Chapadeau,* 38 NY2d at 199).

We further conclude that the court properly granted all defendants summary judgment dismissing the negligence cause of action. "[A] defamation cause of action is not transformed into one for negligence merely by casting it as [such]" (*Iafallo v Nationwide Mut. Fire Ins. Co.,* 299 AD2d 925, 927 [2002]). In these circumstances, in which plaintiff alleges an injury to his reputation as a result of statements made or contributed to by defendants, plaintiff is relegated to whatever remedy he might have under the law of defamation and cannot recover under principles of negligence (*see Butler v Delaware Otsego Corp.,* 203 AD2d 783, 785 [1994]; *Virelli v Goodson-Todman Enters.,* 142 AD2d 479, 485-487 [1989]).

Finally, we conclude that the court properly granted summary judgment dismissing against all defendants the cause of action for violation of Civil Rights Law §§ 50 and 51. Rights under those statutes are "strictly limited to nonconsensual commercial appropriations of the name, portrait or picture of a living person" (*Finger v Omni Publs. Intl.,* 77 NY2d 138, 141 [1990]). The statutes "do not apply to reports of newsworthy events or matters of public interest," which as a matter of law are "not deemed produced for the purposes of advertising or trade" (*Messenger v Gruner & Jahr Print. & Publ.,* 94 NY2d 436, 441 [2000]; *see Howell v New York Post Co.,* 81 NY2d 115, 123 [1993]; *Stephano v News Group Publs.,* 64 NY2d 174, 184 [1984]), and plaintiff has not raised an issue of fact concerning the applicability of any exception to the newsworthiness doctrine (*see Messenger,* 94 NY2d at 444-448; *Finger,* 77 NY2d at 142-143; *Arrington v New York Times Co.,* 55 NY2d 433, 440-441 [1982], *rearg denied and dismissed* 57 NY2d 669 [1982], *cert denied* 459 US 1146 [1983]).

We therefore modify the order by granting the motion of the

County and its Sheriff's Department in its entirety and dismissing the complaint against the County. Present—Wisner, J.P., Scudder, Kehoe, Gorski and Hayes, JJ.