■ JAMES M. MALONEY, Appellant, v ANTON COMMUNITY NEWSPAPERS, INC., et al., Respondents, et al., Defendant. [790 NYS2d 610]—In an action, inter alia, to recover damages for libel, the plaintiff appeals from an order of the Supreme Court, Nassau County (Covello, J.), entered September 23, 2002, which, inter alia, upon searching the record, granted summary judgment to the defendants Port Washington Sentinel, Inc., and Alice M. Peckelis dismissing the complaint insofar as asserted against them.

In an action, inter alia, to recover damages for libel, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Covello, J.), entered May 5, 2003, as, upon renewal, adhered to so much of a prior order entered September 23, 2002, as, upon searching the record, granted summary judgment dismissing the complaint insofar as asserted against the defendants Port Washington Sentinel, Inc., and Alice M. Peckelis.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In the instant case, the plaintiff sought damages, inter alia, for libel resulting from the publication of two newspaper articles on September 1, 2000, and September 8, 2000, respectively, describing an incident that started on August 23, 2000 and ended on August 24, 2000, involving the plaintiff, a Verizon employee, and the police. As a result of that incident, the plaintiff was arrested on August 24, 2000, and charged, inter alia, with menacing in the second degree based upon a supporting deposition of the Verizon employee stating that the plaintiff threatened him with a shotgun or rifle and said "I'll shoot you."

Although the plaintiff is a private figure, the allegedly libelous newspaper article dealt with a matter of legitimate public concern. Therefore, liability must be based upon a finding that "the publisher acted in a grossly irresponsible manner without due consideration for the standards of information gathering and dissemination ordinarily followed by responsible parties" (*Chapadeau v Utica Observer-Dispatch*, 38 NY2d 196, 199 [1975]). The evidence in the record established as a matter of law that the defendants-respondents did not act in a grossly irresponsible manner. The statements in the article were supported by the accusatory instrument against the plaintiff and the supporting deposition. The plaintiff's own admissions and the undisputed facts established that the article in question was substantially true (*see Miller v Journal-News*, 211 AD2d 626, 627 [1995]).

The plaintiff's motion for leave to renew was based upon his plea of guilty to disorderly conduct in satisfaction of the charges against him. During the plea colloquy, the plaintiff admitted that his conduct involved "a 38 caliber revolver." As noted by the Supreme Court, the plaintiff's plea of guilty to disorderly conduct in satisfaction of charges lodged against him did not establish the plaintiff's innocence of the charges which were dismissed nor did it indicate that the statements in the article

were false (*see Murphy v Estate of Vece,* 173 AD2d 445, 447 [1991]).

The plaintiff's remaining contentions are without merit. Goldstein, J.P., Luciano, Crane and Spolzino, JJ., concur.