■ SIDNEY COTTRELL, Appellant, v BERKSHIRE HATHAWAY, INC., Doing Business as THE BUFFALO NEWS, et al., Respondents. (Appeal No. 1.) [809 NYS2d 714]—

Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered March 14, 2005. The order granted defendants' motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action alleging that an article concerning Darryl "Reese" Johnson in the Buffalo News, written by defendant Dan Herbeck, defamed plaintiff by referring to plaintiff as a "rival" of Johnson. We agree with defendants that Supreme Court properly granted their motion for summary judgment dismissing the complaint. Where, as here, an article concerns a private individual on a matter of public concern, the plaintiff must establish that the defendants "acted in a grossly irresponsible manner without due consideration for the standards of information gathering and dissemination ordinarily followed by responsible parties" (*Chapadeau v Utica Observer-Dispatch*, 38 NY2d 196, 199 [1975]; *see Yellon v Lambert*, 289 AD2d 486 [2001]; *Lee v City of Rochester*, 254 AD2d 790, 792 [1998]). The "standard of 'gross irresponsibility' demands no more than that a publisher utilize methods of verification that are reasonably calculated to produce accurate copy" (*Karaduman v Newsday, Inc.*, 51 NY2d 531, 549 [1980], *rearg denied* 52 NY2d 899 [1981]).

Here, defendants met their initial burden on the motion by

establishing that they were not grossly irresponsible, and plaintiff failed to raise a triable issue of fact (*see Colon v City of Rochester*, 307 AD2d 742, 743 [2003], *appeal dismissed and lv denied* 100 NY2d 628 [2003]; *Millennium of Rochester v Town of Webster*, 305 AD2d 1014, 1015 [2003]; *Elibol v Berkshire-Hathaway, Inc.*, 298 AD2d 944, 945 [2002]). Defendants established that, in writing the article, Herbeck relied on pleadings filed in federal court concerning Johnson, particularly the allegations therein that Johnson hired someone to kill plaintiff and attempted to murder plaintiff's bodyguard so that Johnson could take over the numbers operation at issue. Herbeck also relied on conversations with an agent of the Federal Bureau of Investigation and an assistant United States attorney regarding those allegations, as well as conversations with several law enforcement officers wherein plaintiff was named as a person involved in the numbers operation. Also contrary to plaintiff's contention, the statements by Herbeck were privileged pursuant to Civil Rights Law § 74. The record establishes that the article was a fair and true report of the charges against Johnson in the federal action (*see Millennium of Rochester*, 305 AD2d at 1015; *Misek-Falkoff v American Lawyer Media*, 300 AD2d 215, 216 [2002], *lv denied* 100 NY2d 508 [2003], *rearg denied* 100 NY2d 616 [2003]), i.e., that the article was "substantially accurate" (*Liffiton v Buffalo Evening News*, 143 AD2d 515, 515 [1988], *lv dismissed* 74 NY2d 650 [1989]; *see Misek-Falkoff*, 300 AD2d at 216). Present—Kehoe, J.P., Martoche, Smith, Pine and Hayes, JJ.