Reddy v WSYR NewsChannel 9 (2018 NY Slip Op 07576)





Reddy v WSYR NewsChannel 9


2018 NY Slip Op 07576


Decided on November 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND CURRAN, JJ.


1070 CA 18-00193

[*1]DEEPIKA REDDY, PLAINTIFF-APPELLANT,
v
WSYR NEWSCHANNEL 9, NEWPORT TELEVISION, LLC, AND CHRISTIE CASCIANO, DEFENDANTS-RESPONDENTS. (APPEAL NO. 1.) 






DEEPIKA REDDY, PLAINTIFF-APPELLANT PRO SE.
BARCLAY DAMON LLP, BUFFALO (JOSEPH M. FINNERTY OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered November 28, 2017. The order, inter alia, granted the motion of defendants for summary judgment and dismissed the second amended complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff, a Syracuse dentist, was the subject of a disciplinary proceeding in 2010. As a result of that proceeding, plaintiff entered into a consent order that suspended her license to practice in the areas of endodontics and oral surgery pending her completion of a specific course of retraining in those areas. Defendants incorrectly reported in a televised news story that plaintiff was suspended from practicing dentistry and did not explain that the suspension was limited to her practice of endodontics and oral surgery. Plaintiff thereafter commenced the instant defamation action.
In appeal No. 1, plaintiff appeals from an order that, inter alia, granted defendants' motion for summary judgment dismissing the second amended complaint. In appeal No. 2, plaintiff appeals from an order denying her motion to vacate the order in appeal No. 1 pursuant to CPLR 5015 (a). We affirm in both appeals.
In appeal No. 1, even assuming, arguendo, that plaintiff is a private rather than a public figure, we conclude that defendants met their initial burden on their summary judgment motion by establishing that they did not act in a " grossly irresponsible manner' " (Elibol v Berkshire-Hathaway, Inc. , 298 AD2d 944, 945 [4th Dept 2002], quoting Chapadeau v Utica Observer-Dispatch , 38 NY2d 196, 199 [1975]), and that plaintiff failed to raise a triable issue of fact with respect thereto (see id. ; see generally Zuckerman v City of New York , 49 NY2d 557, 562 [1980]). We have considered plaintiff's remaining contentions in appeal No. 1 and her contention in appeal No. 2 and conclude that they are without merit.
Entered: November 9, 2018
Mark W. Bennett
Clerk of the Court