Hayt v Newsday, LLC (2019 NY Slip Op 07239)





Hayt v Newsday, LLC


2019 NY Slip Op 07239


Decided on October 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
HECTOR D. LASALLE
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2018-00361
 (Index No. 2302/17)

[*1]Benjamin Hayt, appellant, 
v
Newsday, LLC, respondent.


Paul A. Hayt, New York, NY (Kareem Vessup of counsel), for appellant.
Davis Wright Tremaine LLP, New York, NY (Rachel Strom and Cary McClelland of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for libel, the plaintiff appeals from an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered October 12, 2017. The order granted the defendant's motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
We agree with the Supreme Court's determination to grant the defendant's motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint. Civil Rights Law § 74 provides that a civil action cannot be maintained against any person, firm, or corporation for the publication of a fair and true report of any judicial proceeding, legislative proceeding, or other official proceeding. "The case law has established a liberal interpretation of the fair and true report' standard of [the statute] so as to provide broad protection to news accounts of judicial or other official proceedings" (Cholowsky v Civiletti, 69 AD3d 110, 114, quoting Becher v Troy Publ. Co., 183 AD2d 230, 233). "For a report to be characterized as fair and true within the meaning of the statute, thus immunizing its publisher from a civil suit sounding in libel, it is enough that the substance of the article be substantially accurate" (Holy Spirit Assn. for Unification of World Christianity v New York Times Co., 49 NY2d 63, 67 [internal quotation marks omitted]; see Gillings v New York Post, 166 AD3d 584, 586). Here, the article in question was substantially accurate in reporting the facts relating to the plaintiff's arrest, and no action can be maintained against the defendant in connection with that article.
Moreover, even if the privilege of Civil Rights Law § 74 was not applicable here, the defendant could only be held liable for libel if it acted in a grossly irresponsible manner, without due consideration for the standards of information gathering and dissemination ordinarily followed by responsible parties. This is because the plaintiff is a private figure and the article, regarding criminal activity in the community, was within the sphere of legitimate public concern (see Chapadeau v Utica Observer-Dispatch, Inc., 38 NY2d 196, 199; Cholowsky v Civiletti, 69 AD3d at 115; Lee v City of Rochester, 254 AD2d 790, 792; Mitchell v Herald Co., 137 AD2d 213, 216). The standard of gross irresponsibility demands no more than that a publisher utilize methods of verification that are reasonably calculated to produce accurate copy (see Karaduman v Newsday, Inc., 51 NY2d 531, 549; Matovcik v Times Beacon Record Newspapers, 108 AD3d 511; Lee v City of Rochester, 254 [*2]AD2d at 792). A newspaper reporter may rely on official reports by law enforcement officers, including unsworn reports, unless the reporter is aware of the probable falsity of the reports or has some reason to doubt their accuracy (see Lee v City of Rochester, 254 AD2d at 792; Mitchell v Herald Co. 137 AD2d at 217). Here, the plaintiff did not allege that the defendant's reporter had any reason to doubt the accuracy of the specific press releases at issue, or was aware of their probable falsity. Therefore, even accepting as true the plaintiff's allegations that the defendant had previously published articles relating to instances of police dishonesty, such allegations did not require a finding that the subject press releases were probably false or inaccurate, and therefore, that the defendant was grossly irresponsible in relying on them (see Ramos v Madison Sq. Garden Corp., 257 AD2d 492, 492-493).
The plaintiff's remaining contentions are without merit.
RIVERA, J.P., LASALLE, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court