Olney v Town of Barrington (2020 NY Slip Op 00960)





Olney v Town of Barrington


2020 NY Slip Op 00960


Decided on February 7, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


1183 CA 19-01398

[*1]SETH OLNEY, INDIVIDUALLY, AND DOING BUSINESS AS THE OLNEY PLACE, PLAINTIFF-RESPONDENT,
v
TOWN OF BARRINGTON, JOHN GRIFFIN, AS CODE ENFORCEMENT OFFICER OF TOWN OF BARRINGTON, AND JOHN GRIFFIN, INDIVIDUALLY, DEFENDANTS-APPELLANTS. 






BOYLAN CODE, LLP, ROCHESTER (ROBERT J. MARKS OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
LITTMAN & BABIARZ, ITHACA (PETER N. LITTMAN OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Yates County (William F. Kocher, A.J.), entered January 10, 2019. The order, insofar as appealed from, denied that part of the motion of defendants seeking to dismiss plaintiff's first and fifth causes of action. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting that part of the motion seeking to dismiss the fifth cause of action as against defendant John Griffin, individually and as Code Enforcement Officer of Town of Barrington and as modified the order is affirmed without costs.
Memorandum: On appeal from an order that, inter alia, denied in part their motion to dismiss the second amended complaint, defendants contend that Supreme Court erred in denying the motion with respect to the first cause of action, for defamation, and the fifth cause of action, for negligence.
We reject defendants' contention that the court should have dismissed the first cause of action on the ground that the allegedly defamatory statements were true. "[S]ummary dismissal is appropriate under CPLR 3211 (a) (7) when the defendant's evidentiary submissions establish conclusively that plaintiff has no cause of action' " (Liberty Affordable Hous., Inc. v Maple Ct. Apts., 125 AD3d 85, 87 [4th Dept 2015], quoting Rovello v Orofino Realty Co., 40 NY2d 633, 636 [1976]), and it is well established that truth constitutes a complete defense to a defamation claim (see Ryan v New York Tel. Co., 62 NY2d 494, 503 [1984]). Here, however, defendants' evidentiary submissions in support of their motion failed to conclusively "establish[] the truth of the specific libel [and slander] claimed by plaintiff" (Russo v Padovano, 84 AD2d 925, 926 [4th Dept 1981] [emphasis added]; see Stega v New York Downtown Hosp., 31 NY3d 661, 674 [2018]). Indeed, the "entire thrust and purport" of defendants' defense of truth in this case "is to establish . . . the truth of a different charge than the one [alleged in the second amended complaint]," and a defense of truth "cannot stand" if it is "aimed at establishing the truth of a charge different from that [identified in the complaint]" (Crane v New York World Tel. Corp., 308 NY 470, 478-479 [1955] [emphasis added]). To the contrary, a "plea of truth . . . must be as broad as the alleged libel [or slander] and must establish the truth of the precise charge therein made" (id. at 475 [emphasis added]), yet defendants do not assert that the precise charges identified in the second amended complaint are actually true. The court thus properly denied defendants' motion insofar as it sought to dismiss the first cause of action on the ground of truth.
Defendants' remaining grounds for dismissing the first cause of action are raised for the first time on appeal and are therefore not properly before us (see Radiation Oncology Servs. of Cent. N.Y., P.C. v Our Lady of Lourdes Mem. Hosp., Inc., 148 AD3d 1418, 1420 [3d Dept 2017]; [*2]Levy v Grandone, 14 AD3d 660, 662 [2d Dept 2005]; Taub v Amana Imports, 140 AD2d 687, 689 [2d Dept 1988]). Defendants' reference in their notice of motion to the potential applicability of an "absolute and qualified privilege[]," without identifying the specific privilege or privileges upon which they sought to rely and without any legal argument to alert plaintiff or the court to the precise theory raised, was insufficient to preserve defendants' current reliance on the litigation privilege, the common interest privilege, and the governmental official privilege (see Kuriansky v Bed-Stuy Health Care Corp., 73 NY2d 875, 876 [1988]; see generally U.S. Bank N.A. v DLJ Mtge. Capital, Inc., 33 NY3d 84, 89 [2019]).
Finally, defendants contend that the fifth cause of action should be dismissed as duplicative of the first cause of action. Although that contention is unpreserved for appellate review (see Wolkstein v Morgenstern, 275 AD2d 635, 637 [1st Dept 2000]), it nevertheless presents a pure question of law appearing on the face of the record that could not have been avoided had it been raised in a timely manner (see Coscia v Jamal, 156 AD3d 861, 864 [2d Dept 2017]; see generally Stranz v New York State Energy Research & Dev. Auth. [NYSERDA], 87 AD3d 1279, 1281 [4th Dept 2011]). We therefore reach the merits of defendants' argument on this issue and conclude that the fifth cause of action as asserted against defendant John Griffin is duplicative of the first cause of action because the fifth cause of action as against Griffin is based on the same facts, alleges the same wrongs, and seeks the same relief as the first cause of action, which is asserted only against Griffin (see Themed Rests., Inc. v Zagat Survey, LLC, 21 AD3d 826, 827 [1st Dept 2005]). Indeed, a "defamation cause of action is not transformed into one for negligence merely by casting it as [such]," and in circumstances "in which plaintiff alleges an injury to his reputation as a result of statements made or contributed to by defendants, plaintiff is relegated to whatever remedy he might have under the law of defamation and cannot recover under principles of negligence" (Colon v City of Rochester, 307 AD2d 742, 744 [4th Dept 2003], appeal dismissed and lv denied 100 NY2d 628 [2003] [internal quotation marks omitted]; see Iafallo v Nationwide Mut. Fire Ins. Co., 299 AD2d 925, 927 [4th Dept 2002]). We thus modify the order accordingly. The fifth cause of action as asserted against defendant Town of Barrington, however, is not duplicative of the first cause of action because the first cause of action is not asserted against the Town (cf. Colon, 307 AD2d at 744).
Entered: February 7, 2020
Mark W. Bennett
Clerk of the Court